UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:03-CV-517-BR

FILED
AUG 2 2 2003
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY_____DEP. CLK

BRYAN O'NEAL BENSON, )
)
Plaintiff, )
)
v. ) BRIEF IN SUPPORT OF MANPOWER'S
) MOTION TO DISMISS
MANPOWER SERVICES, INC., ) F. R. Civ. P. 12(b)(1) & (6)
)
Defendant. )

NOW COMES Defendant The Greenwood Group, Inc. d/b/a Manpower ("Manpower"), through counsel, and submits this brief in support of its Motion to Dismiss Plaintiff's Complaint as to all claims against it pursuant to Rule 12(b) (1) and Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE FACTS AS PLEADED BY PLAINTIFF

Plaintiff has brought this action against Manpower claiming that Manpower discharged him because of his race and sex. (Compl. ¶ 6.) Plaintiff's Complaint included a copy of the Dismissal and Notice of Rights issued to him by the Equal Employment Opportunity Commission, which was incorporated into his pleadings in this matter. (Compl. ¶ 11 & Dismissal and Notice of Rights attached thereto.) On its face, Plaintiff's right-to-sue letter provides:

> **Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.**

(Dismissal and Notice of Rights.)

Defendant Manpower now brings this Motion before the Court to have all claims against it dismissed as a matter of law.

ARGUMENT

PLAINTIFF'S COMPLAINT DEMONSTRATES THAT PLAINTIFF DID NOT TIMELY FILE A CHARGE OF DISCRIMINATION WITH THE EEOC, AND, THUS, ALL CLAIMS AGAINST MANPOWER MUST BE DISMISSED AS A MATTER OF LAW.

A.   Plaintiff's Complaint Should Be Dismissed Pursuant To Rule 12(b)(6).

A motion to dismiss pursuant to 12 (b) (6) of the Federal Rules of Civil Procedure may be granted only where it appears that the Plaintiff would be entitled to no relief under any state of facts that could be proved in support of his claim. See Adam v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982) (citation omitted). The facts as alleged are assumed to be true for the purpose of this motion. See id.

As a prerequisite to filing an employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, an aggrieved employee must timely file a charge with the EEOC. See 42 U.S.C. § 2000e-5(e); Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 1019, 39 L.Ed.2d 147, 157 (1974); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S. Ct. 1817, 1822, 36 L.Ed.2d 668, 675 (1973). In this case, the face of Plaintiff's Complaint demonstrates that he did not fulfill this requirement. (See Compl. ¶ 11 & Notice of Dismissal and Rights attached thereto.) As such, Plaintiff is not entitled to relief under Title VII, and his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

B.   Plaintiff's Complaint Should Be Dismissed Pursuant To Rule 12(b)(1).

The burden of proving subject matter jurisdiction on a motion to dismiss is on the Plaintiff, the party asserting jurisdiction. See Adam v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The existence of disputed material facts does not preclude the court from evaluating for

2

itself the merits of the jurisdictional claims and there is no presumptive truthfulness to a plaintiff's allegation. A court is free to weigh the evidence on a 12 (b) (1) motion to dismiss for lack of subject matter jurisdiction. See id.

The Fourth Circuit has recognized that there are two "jurisdictional prerequisites" for filing a lawsuit pursuant to Title VII: (i) "filing timely charges of employment discrimination with the Commission" and (ii) "receiving and acting upon the Commission's statutory notice of right to sue.'" Long, 9 F.3d 340, 342 (4th Cir. 1993) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S. Ct. 1817, 1822, 36 L.Ed.2d 668, 675 (1973)). Title VII "specifies with precision" these prerequisites, which the claimant must satisfy prior to filing suit. Id. (quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 1019, 39 L.Ed.2d 147, 157 (1974)).

In this case, the face of Plaintiff's Complaint demonstrates that he failed to timely file his charge of discrimination with the EEOC. (See Compl. ¶ 11 & Dismissal and Notice of Rights attached thereto.) As such, Plaintiff failed to satisfy the jurisdictional requirements for bringing this action and it therefore should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiff has neither stated a claim against Manpower nor satisfied the jurisdictional prerequisites for bringing this action, and, thus, Plaintiff's claim should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

This the 22nd day of August, 2003.

SMITH MOORE LLP

_____
George J. Oliver, NCSB No. 5774
John W. Mann, NCSB No. 25716
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and exact copies of the foregoing Brief in Support of Manpower's Motion to Dismiss was served upon Plaintiff, by Certified Mail, Return Receipt Requested, as follows:

Bryan O'Neal Benson
229 Greenforest Drive
Oxford, North Carolina 27565

This 22nd day of August, 2003.

_____
George J. Oliver